O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-1469 AHM (CWx) | Date | June 29, 2010 |
|---|---|---|---|

| Title | STACEY SHANE v. ALBERTSON'S, INC. EMPLOYEES' DISABILITY PLAN |
|---|---|

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |
|---|---|

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:        Attorneys **NOT** Present for Defendants:


**Proceedings:**            IN CHAMBERS (No Proceedings Held)


In her summary judgment motion, Plaintiff argues that the Court should find that standard of review for this appeal is *de novo*. This order addresses the standard of review.


## I.    DISCUSSION

In *Shane I*, the parties disputed whether Plaintiff's claim was governed by the 1993 version of the Plan (which had not properly delegated discretion to the Plan Administrator) or the 2002 version of the Plan (which had granted discretion to the Plan Administrator). The Court found, and the Ninth Circuit affirmed, that the 2002 Plan Document did not govern Plaintiff's claims because that Plan Document became effective after Ms. Shane began receiving benefits, and the 1993 Plan (under which Ms. Shane began receiving benefits) expressly provides that "[a]ny amendment to the Plan shall be effective only with respect to Total Disabilities which commence on and after the effective date of the amendment." (AR001736 [Section 8.02 of 1993 Plan].) *See also Shane I, supra*, 504 F.3d at 1169 (9th Cir. 2007) ("Ms. Shane's LTD benefits based upon her '[t]otal [d]isability' commenced during the 1993 Disability Plan and prior to the 2002 Disability Plan, thus her claim is governed by the 1993 Disability Plan."). Now, the parties again dispute which version of the Plan controls, and whether the individual who ultimately determined that Ms. Shane was ineligible for benefits was properly granted discretionary authority to render that determination.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1469 AHM (CWx) | Date | June 29, 2010 |
|---|---|---|---|
| Title | STACEY SHANE v. ALBERTSON'S, INC. EMPLOYEES' DISABILITY PLAN | | |

**A.    There is No Dispute that Ms. Shane's Disabilities Arose Prior to the 2002 Plan or 2007 Committee Bylaws.**

The 1993 Plan confers discretionary authority on the Trustees of the Albertson's Employees' Health and Welfare Trust to determine whether a claimant is eligible for benefits.  *Shane I*, 381 F. Supp. 2d at 1200 (C.D. Cal. 2005).

Plaintiff argues that the 1993 version of the Plan controls because her disability arose prior to the effective date of any subsequent amendments, and the 1993 plan provides:

> Any amendment to the Plan shall be effective only with respect to Total Disabilities which commence on and after the effective date of the amendment. *Total disabilities commencing prior to the effective date of a Plan amendment are to be provided for under the terms of the Plan in effect at the time those disabilities commenced.*

*Shane I*, 381 F. Supp. 2d at 1199 (emphasis in Order).

Defendant does not appear to dispute that Ms. Shane's "Total Disabilities" commenced prior to the date of the 2002 Plan.  Its argument seems to be that the date that Ms. Shane's disabilities commenced is irrelevant, because "Albertson's, Inc. disappeared in 2006, and . . . the 2010 decision was made by a new plan, sponsored by a new employer, and administered by a new plan administrator with full discretionary authority."  (Opp'n at 10:7-10.)  Thus, Defendant's entire argument as to why the 1993 Plan (which confers authority on the Trustees of the Albertson's Employees' Health and Welfare Trust) does not govern Ms. Shane's benefits is based on the corporate sponsor's reorganization in 2006.

**B.    The Terms of the 1993 Plan Govern Ms. Shane's Claim for Benefits.**

Defendant explains that on June 2, 2006, SUPERVALU, INC. (through a wholly-owned subsidiary called "New Albertson's Inc.") acquired the majority of the retail properties of Albertson's.  (Def's Add'l Facts ¶ 2.)  At that time, "New Albertson's"

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1469 AHM (CWx) | Date | June 29, 2010 |
|---|---|---|---|
| Title | STACEY SHANE v. ALBERTSON'S, INC. EMPLOYEES' DISABILITY PLAN | | |

assumed sponsorship of the old Albertson's Plan, converting the old Albertson's Plan into the "New Albertson's Health & Welfare Plan" (the "new Albertson's Plan"). (*Id.* ¶ 3.)  On August 1, 2007, the "SUPERVALU Health & Welfare Plans Administrative Committee" (the "SUPERVALU Committee") was established by SUPERVALU.  (*Id.* ¶ 4.)  The SUPERVALU Committee then became the plan administrator and fiduciary for the New Albertson's Plan.

Effective January 2, 2008, SUPERVALU merged the New Albertson's  Plan into the new SUPERVALU "benefit plan structure."  (*Id.* ¶ 5.)  Thus, on January 2, 2008, the old Albertson's Plan became a "component program of the SUPERVALU Plan."  (Opp'n at 8; *see also* McIntire Decl., Exh. B at 1, stating that "The liabilities and assets of the New Albertson's Health & Welfare Plan . . . were assigned to and became part of the SUPERVALU Group Health Plan effective January 2, 2008 and the last day of the final plan year for the New Albertson's Health & Welfare Plan is January 2, 2008[.]")

The relevance of this reorganization, according to Defendant, is that the documents that currently govern Plaintiff's plan (which Defendant refers to as the "SUPERVALU Plan") are (1) the "Committee Bylaws for SUPERVALU Benefit Plans which became effective August 1, 2007," and (2) the old Albertson's Plan documents.   Defendant then points to a portion of the 2007 Committee Bylaws that states:

> To the extent that the documents under which the Plans are maintained pre-date the effective date of these Bylaws, the Plan documents shall be construed on a basis consistent with these Bylaws as determined by the Committee.  To that end, these Bylaws may have the effect of indirectly amending the allocations of various duties under those Plan documents.

(Def's Add'l Facts ¶ 7.)  The 2007 Committee Bylaws further state that (1) all committees or bodies that administered benefit programs/plans prior to August 1, 2007 were "dissolved" and "cease[d] to exist" as of that date, and (2) the duties of those committees or bodies including discretionary authority "shall be assumed and inherited by the Committees established under these Bylaws." (*Id.* ¶ 8.)  The Committee Bylaws provide discretionary authority to the SUPERVALU Committee to administer the SUPERVALU Plan, to construe its terms, to make benefit decisions, and to delegate its

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1469 AHM (CWx) | Date | June 29, 2010 |
|----------|----------------------|------|---------------|
| Title | STACEY SHANE v. ALBERTSON'S, INC. EMPLOYEES' DISABILITY PLAN | | |

authority to a member of the Committee.

The effect of the 2007 Committee Bylaws, by its own terms, is to "indirectly *amend*[] the allocations of various duties under those Plan documents." (McIntire Decl., Exh. C at 5, emphasis added). What that means is not clear, but in any event it would be a dubious proposition that ERISA claimants could have their rights taken away "indirectly." Defendant, in its brief, states that the effect of the 2007 Committee Bylaws is to amend earlier plan documents to become consistent with the 2007 Committee Bylaws. (*Id*. ¶ 8.) This purported amendment does not affect Ms. Shane's claim, because as previously noted, Defendant does not dispute in its Opposition that Ms. Shane's "Total Disabilities" arose prior to its adoption of the 2002 version of the Plan or the 2007 Committee Bylaws.

Moreover, the June 25, 2009 denial letter appears to be based on the language of the 2002 and 2003 Plans (*see* Opp'n, Exh. A). It states that "[t]he Plan document defines 'Total Disability' as stated below," and then quotes the definition of "Total Disability" from the 2002 amendment to the Plan (found at AR 001768). Later, the letter makes reference to "Section 3.01 of the Plan document," quoting language that is found in both the 1993 and 2002 versions of the Plan. In the January 14, 2010 letter denying Shane's appeal, numerous references are made to the 1993 and 2002 plan documents. (*See* Opp'n, Exh. C [January 14, 2010 letter] at page 12.) Thus, Defendant's contention that the old Plan "ceased to exist" is not supported by the record, and the Court finds that the terms of the 1993 Plan govern Ms. Shane's claim for benefits.

**C.    The Evidence in the Record Demonstrates that the 2007 SUPERVALU Committee Was Not Properly Delegated Authority to Render the 2010 Denial.**

The Court finds that authority was not properly delegated to the SUPERVALU Committee, and thus the standard of review is *de novo*. Defendant has not provided any evidence that it properly delegated discretionary authority under the terms of the 1993 Plan to the SUPERVALU Committee (which then delegated its authority to Mike Hodge, the individual who ultimately rendered the 2010 denial). Instead, Defendant argues that the old Plan "disappeared" and that therefore the SUPERVALU Committee now has the

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-1469 AHM (CWx) | | Date | June 29, 2010 |
|---|---|---|---|---|
| Title | STACEY SHANE v. ALBERTSON'S, INC. EMPLOYEES' DISABILITY PLAN | | | |

discretionary authority that the 1993 Plan conferred on the Trustees of the Albertson's Employees' Health and Welfare Trust.  The 1993 Plan provides that the Trustees

> shall enforce the Plan in accordance with its terms, shall be charged with the general administration of the Plan, and shall have all powers necessary to accomplish those purposes, including, but not by way of limitation to, the following:
>
> a.  To determine all questions relating to the eligibility of Employees for benefits, as well as the amount and payment of benefits;
>
> b.  To construe and otherwise interpret the Plan and Trust; . . .
>
> g.  *To delegate to the Contract Administrator and Employees of the Employer such powers and duties as the Trustees shall determine.*

*Shane I*, 381 F. Supp. 2d at 1200 (C.D. Cal. 2005), citing 1993 Plan Art. IX, § 9.04 (emphasis added).

In *Shane I*, the Ninth Circuit explained that in determining whether Albertson's delegation of authority was proper, "the focus [of the district court] should have been on whether the [1993] Disability Plan contemplated the possibility of a transfer of discretionary authority to a third-party and whether there was evidence establishing delegation to the MRC." *Shane I*, 504 F.3d at 1171 (9th Cir. 2007).  The Ninth Circuit found that the delegation clause of the 1993 Plan "only contemplates delegation from the Trustees to the Contract Administrator and Employees of the Employer," and found that the delegation to the MRC was not in compliance with the 1993 Plan's stated requirements.  *Id*.  Similarly, here, Defendant has not provided any evidence that the Trustees delegated their discretionary authority to the SUPERVALU Committee (or Mr. Hodge) in compliance with the 1993 Plan provisions.  In the absence of such evidence, Defendant's corporate reorganization, standing alone, does not support the finding that delegation to the SUPERVALU Committee was proper.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1469 AHM (CWx) | Date | June 29, 2010 |
|---|---|---|---|

| Title | STACEY SHANE v. ALBERTSON'S, INC. EMPLOYEES' DISABILITY PLAN |
|---|---|

## II.    CONCLUSION

For the reasons explained above, the Court finds that Mr. Hodge was not properly delegated authority to make the decision to discontinue Ms. Shane's LTD benefits, and thus the Court will review her anticipated appeal *de novo*.

                                                        :
Initials of Preparer                    SMO